SHIRLEY, by her next friend v. LAMBERT and another.

Wife filed a bill and averred that she bought certain furniture with moneys be-
queathed to her for her own use. Husband and wife lived together and used
it in common; and the former mortgaged it for a *bona fide* debt of his own;
paid a part; and renewed the mortgage. *Held*, that the court would not
undertake to establish the furniture as separate estate. The wife, in good
time, should have secured it in a proper trustee, and since the R. S.,
the husband could not be considered a trustee of it for his wife.

*Sept.* 11,
1839.

*Husband
and wife.
Debtor and
creditor.*

MOTION, on bill and answer, to dissolve an injunction.

The bill was filed by Eliza W. Shirley, through a next
friend, against William W. Shirley, her husband, and his
mortgagee, John Lambert. It sought to get back and dis-
charge certain household furniture from the effect of a mort-
gage made by such husband—charging that the articles had
either been bequeathed to the wife or were the avails of pro-
perty bequeathed to her for her own separate use. The com-
plainant showed, by her bill, that she was married to the de-
fendant, William W. Shirley, in the year one thousand eight
hundred and eighteen and still lived with him; that, in the
year one thousand eight hundred and twenty-four, she had per-
sonal effects bequeathed to her by one Elizabeth Fairclo and
also that she, the complainant, had purchased, with moneys
arising from rents of a house devised to her in the year one
thousand eight hundred and thirty-two by her father, Moses
Coddington, for her own separate use, certain household fur-
niture then in her possession and in that of her said husband.
That the personal effects and property had been mortgaged by
the said William W. Shirley to the defendant John Lambert
without her knowledge and consent and in fraud of her rights.
*Prayer* : that such, her alleged rights, might be protected ;
that the mortgage should be declared void ; and the defendant
be restrained by injunction. Bill filed the twelfth day of
September, 1838.

The defendant, John Lambert, by his answer, showed that
the husband, Shirley, was indebted to him on a judgment ob-

tained in the year one thousand eight hundred and thirty-two, for two thousand one hundred and twenty-three dollars and thirty-two cents ; and, to save the effect of an execution, gave him a mortgage, dated the sixteenth day of March, one thousand eight hundred and thirty-five, upon this furniture, producing, at the same time, an inventory and professing to be the owner and this defendant believing him to be such owner. That Shirley made some small payments upon this mortgage, but defendant wanting money and fearing a removal of the goods, began to take measures to have the furniture in his possession, when Shirley urged delay, allowed a new inventory to be taken ; and a fresh mortgage was executed, payable in monthly instalments, while the old mortgage was cancelled. The mortgage was also a further time renewed. The defendant, Lambert, averred that he had no knowledge of the complainant's alleged claims ; and insisted that the property was in the possession of William Shirley and became bound by the mortgage.

Mr. *Wallis*, for the motion.

Mr. *Hastings*, contra.

THE VICE-CHANCELLOR :—Since the revised statutes went into operation, no trust can be created but those which are thereby authorized—all other trusts are abolished. The trust under the will of Moses Coddington, the complainant's father, made in the year one thousand eight hundred and thirty-two, is not, in terms, a trust for any of the purposes enumerated in the statute ; and, under the circumstances disclosed in the answer, this court ought not to undertake to convert the husband into a trustee for the wife and consider the household furniture, which may have been bought with the rents of the real estate devised to the wife as trust property, exempt from his debts. So, with respect to the articles of furniture bequeathed to her by the will of Elizabeth Fairclo in one thousand eight hundred and twenty-four and which the complainant is now unable to desig nate, it seems to me too late to undertake to establish a separate property in the complainant and to make her husband a trustee of it. She should have taken measures long ago to se-

1839.

SHIRLEY
v.
LAMBERT.

cure the property in the hands of a proper trustee other than the husband. Having suffered him to enjoy the use of it and to hold himself out to the world as ostensibly the owner without notice or any appearance of a trust attached to it and to acquire credit on the strength of a supposed ownership, she must be considered as waiving her equitable right to regard the furniture as her separate property, especially as she cannot, from the long use and changes which have taken place, undertake now to identify the articles bequeathed to her as such.

I am of opinion that the injunction must be dissolved. Costs to abide the event.